## Seaman v. Mealey et al.

*Practice, C. P.—Affidavit of defence—Failure to serve—Failure to endorse address within county—Motion to strike off.*

Where a copy of an affidavit of defence has not been served in the manner provided by law, and no address within the county has been endorsed thereon, the remedy is not by a rule for judgment for want of an affidavit of defence, but by motion to strike the affidavit from the record.

Rule for judgment for want of an affidavit of defence. C. P. Schuylkill Co., July T., 1921, No. 375.

*R. R. Koch* and *F. P. Krebs*, for plaintiff; *R. J. Graeff*, for defendants.

BECHTEL, P. J., Nov. 14, 1921.—A petition was filed in this case, setting forth, *inter alia*, "That the summons issued on June 9, 1921, and was served on the defendants, together with the statement of claim, on June 15, 1921. That on Aug. 15, 1921, an affidavit of defence was filed by the defendant, the Tamaqua National Bank. That no copy of said affidavit of defence was served on plaintiff or his counsel, nor has any been served to the date of the filing of this petition, and that, therefore, the affidavit of defence must be treated as a nullity. That the affidavit of defence must be treated as a nullity for the additional reason that it is not endorsed with an address within the county where all papers are to be served."

Upon this petition a rule was granted on the defendant, the Tamaqua National Bank, to show cause why judgment should not be entered against it and in favor of the plaintiff as for want of an affidavit of defence. To this rule no answer has been filed. It will, therefore, be seen that the question before us is whether or not the affidavit of defence should be treated as a nullity for want of service and for want of an address within the county where papers may be served.

Our attention has not been called to any decisions of our higher courts governing this question. We are not unmindful of the decisions in Luzerne County National Bank v. Stout, 26 Dist. R. 1093; Wright Wire Co. v. Levi, 28 Dist. R. 795, and Glover v. Errich, 30 Dist. R. 720, in which it has been held that the filing of an affidavit of defence after service thereof in accordance with the provisions of the act is a nullity and insufficient to prevent the entry of judgment. It will be noted, however, that the Practice Act contains no provisions for the entry of judgment for want of the service of the affidavit of defence and fixes no time within which the same must be served.

It will also be noted that rule 38, article 5, of this court, requiring the affidavit of defence to be served on plaintiff or his counsel within ten days

1 D. & C.

after the filing of the same, contains no provision for the entry of judgment in case of default. We are, therefore, of the opinion that the affidavit of defence filed in this case comes rather within the provisions of section 21 of the Practice Act of May 14, 1915, P. L. 483, which provides: "The court, upon motion, may strike from the record a pleading which does not conform to the provisions of this act, and may allow an amendment or a new pleading to be filed upon such terms as it may direct."

This pleading clearly does not conform to the provisions of the act. It has not been served, and the notice of an address for the filing of papers does not conform to the requirements of the act. Since, therefore, it is a pleading not in conformity with the provisions of the Practice Act, it clearly comes within that section of the act above quoted, which, it seems to us, was inserted to cover cases such as this. We are, therefore, of opinion that the plaintiff is not pursuing his proper legal remedy.

And now, Nov. 14, 1921, the rule for judgment for want of an affidavit of defence is herewith overruled.

From J. O. Ulrich, Tamaqua, Pa.